IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ALTERRA WORLDWIDE, and MUKEMMEL SARIMSAKCI, an Individual, | ) ) ) ) ) |
| Defendants. | ) |

Case No.

**COMPLAINT FOR BREACH OF PROMISSORY NOTE**

COMES NOW, Mid-America Carpenters Regional Council, through counsel, for its Complaint against Defendants Alterra Worldwide Holdings, LLC ("Alterra Worldwide") and Mukemmel "Mike" Sarimsakci, an individual, and states:

**PARTIES**

1. The Mid-America Carpenters Regional Council ("Union", or "Mid-America Council") is a Labor Organization as defined by the National Labor Relations Act, 29 U.S.C. §152(5), and the Labor Management Reporting and Disclosure Act, 29 U.S.C. 402 (i), and represents over 52,000 union members who work and reside in Missouri, Kansas, Illinois, and portions of Iowa. Its principal place of business is located at 12 East Erie Street, Chicago, Illinois. The Union is affiliated with the United Brotherhood of Carpenters and Joiners of America ("UBC"). Effective September 27, 2021, the UBC dissolved the St. Louis-Kansas City Carpenters Regional Council and assigned its jurisdiction, assets, etc. to the Mid-America Council (formerly, the Chicago Regional Council of Carpenters).

1

2. Defendant Alterra Worldwide is a domestic for-profit limited liability corporation incorporated in Texas in January of 2016, with its principal place of business in Dallas, Texas.

3. Mukemmel "Mike" Sarimsakci ("Sarimsakci"), an individual, is the Chairman/CEO of Alterra Worldwide and is domiciled in Dallas, Texas.

## JURISDICTION AND VENUE

4. This Court has diversity subject matter jurisdiction under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000 and the Plaintiff and Defendants maintain diversity of citizenship.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain business operations in this District, and all or most of the events giving rise to this action occurred in this District.

## FACTS

6. On or about January 20, 2021, Defendants Alterra Worldwide and Sarimsakci (together, the "Borrowers") executed a Promissory Note (the "January Note") in favor of the Union (the "Lender"). A true and correct copy of the January Note is attached hereto as **Exhibit 1** and incorporated herein by reference.

7. Pursuant to the January Note, the Borrowers were required to pay the principal amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00) or so much as may be outstanding together with interest at a rate of 4%, by July 20, 2022.

8. Under the January Note, the principal was a loan to the Borrowers for 2018, 2019 and 2020 real estate taxes due to the City of St. Louis, Missouri in connection with a development project being undertaken by the Borrowers.

9. Upon information and belief, those tax amounts owed were paid in 2021 by Sarimsakci.

10. As of the date of the filing of this Complaint, the balance due and owing under the January Note is an amount not less than $200,000.00, plus interest and fees accruing thereon.

11. On or about August 6, 2021, the Borrowers executed a second Promissory Note (the "August Note") in favor of the Union. A true and correct copy of the August Note is attached hereto as **Exhibit 2** and incorporated herein by reference.

12. Pursuant to the August Note, the Borrowers were required to pay the principal amount of Five Hundred Thousand Dollars and 00/100 ($500,000.00) or so much as may be outstanding together with interest at a rate of 4%, by December 31, 2021.

13. Under the August Note, the principal was an advance to the Borrowers for the pre-development costs on the Jefferson Arms Building project planned for downtown St. Louis, Missouri.

14. As of the date of the filing of this Complaint, the balance due and owing under the August Note is an amount not less than $500,000.00, plus interest and fees accruing thereon.

15. The January Note and August Note (collectively, the "Notes") each provide that the Notes shall be governed by, construed and enforced in accordance with federal law and the laws of the State of Missouri.

16. The Notes were issued under the Union's Market Recovery Program, which is designed to promote and finance new construction projects by offering low interest loans to contractors using union labor.

## COUNT I – BREACH OF JANUARY NOTE

17. Plaintiff incorporates by reference herein as if fully set forth all preceding paragraphs of this Complaint.

18. The January Note provides that, among other factors, failure by the Borrowers to repay any payment when due under the January Note shall constitute a Payment Default.

19. The January Note also provides that, upon a Payment Default, the Lender may declare the entire unpaid principal balance on the January Note and all accrued unpaid interest immediately due and then Borrowers must pay that amount.

20. The January Note further provides that the Lender may take all legal actions available to collect such indebtedness, and shall be entitled to collect all reasonable legal fees incurred in connection with such action to collect.

21. The Union, as the Lender and holder of the January Note, has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the January Note.

22. The Borrowers have defaulted on their obligations pursuant to the express terms of the January Note by failing to tender to the Union payment due under the January Note as demanded.

23. The Union as the Lender and holder of the January Note, has incurred attorneys' fees and expenses related to its collection efforts, including, but not limited to, continuing fees and costs incurred by prosecution of this legal action. These costs and fees will continue to accrue until the amounts due and owing have been paid in full.

24. All conditions precedent to the Borrowers' performance in making payment under the January Note have been satisfied by the Union.

25. The Borrowers' continued breach of the January Note has resulted in monetary damages to the Union.

## COUNT II – BREACH OF AUGUST NOTE

26. Plaintiff incorporates by reference herein as if fully set forth all preceding paragraphs of this Complaint.

27. The August Note provides that, among other factors, failure by the Borrowers to repay any payment when due under the August Note shall constitute a Payment Default.

28. The August Note also provides that, upon a Payment Default, the Lender may declare the entire unpaid principal balance on the August Note and all accrued unpaid interest immediately due and then Borrowers must pay that amount.

29. The August Note further provides that the Lender may take all legal actions available to collect such indebtedness, and shall be entitled to collect all reasonable legal fees incurred in connection with such action to collect.

30. The Union, as the Lender and holder of the August Note, has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the August Note.

31. On or about February 11, 2022, on behalf of the Union as the Lender and holder of the January Note, counsel for the Union sent a letter to the Borrowers demanding immediate payment of the entire principal balance outstanding under the August Note, together with interest owed. A true and accurate copy of the February 2022 letter to the Borrowers is attached hereto as **Exhibit 3** and incorporated herein by reference.

32. The Borrowers have defaulted on their obligations pursuant to the express terms of the August Note by failing to tender to the Union payment due under the August Note as demanded.

33. The Union as the Lender and holder of the August Note, has incurred attorneys' fees and expenses related to its collection efforts, including, but not limited to, continuing fees and costs incurred by prosecution of this legal action. These costs and fees will continue to accrue until the amounts due and owing have been paid in full.

34. All conditions precedent to the Borrowers' performance in making payment under the August Note have been satisfied by the Union.

35. The Borrowers' continued breach of the August Note has resulted in monetary damages to the Union.

**WHEREFORE,** the Union respectfully requests that this Court enter judgment in its favor and against Defendants, Alterra Worldwide Holdings, LLC, and Mukemmel Sarimsakci, individually, on all counts granting the following relief:

a) damages in the principal amount of the Notes of $700,000.00;

b) accruing interest at a rate set forth in each of the Notes;

c) post-judgment interest pursuant to 28 U.S.C. § 1961;

d) expenses, attorneys' fees, and other costs of collection; and

e) such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Sherrie A. Hall
SHERRIE A. HALL, #40949
WORKERS RIGHTS LAW FIRM LLC
2258 Grissom Drive
St. Louis, Missouri 63146
Phone: (314) 824-0348
Fax: (314) 828-1029
sherrieworkersrights@gmail.com

and

/s/ Terrance B. McGann

Terrance B. McGann
*(to be admitted pro hac vice)*


Terrance B. McGann
**MCGANN, KETTERMAN & RIOUX**
111 E. Wacker Dr., Ste 2600
Chicago, IL 60601
Telephone: (312) 251-9700
Facsimile: (312) 251-9701
tmcgann@mkrlaborlaw.com

*Attorneys for Plaintiff*