**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  4:22-cv-00970-SEP |
| v. | ) ) | |
| ALTERRA WORLDWIDE, and MUKEMMEL SARIMSAKCI, an Individual, | ) ) ) | |
| Defendants. | ) ) ) | |

## <u>JOINT MOTION TO STAY</u>

Pursuant to Federal Rule of Civil Procedure 26(c) and (d) and this Court's inherent power, Plaintiff Mid-America Carpenters Regional Council and Defendants Alterra Worldwide Holdings, LLC and Mukemmel Sarimsakci (collectively referred to herein as "the Parties"), respectfully request that this Court issue a brief stay of this litigation, together with all pre-trial deadlines and obligations, until December 7, 2022 in connection with the parties' efforts to resolve this matter in accordance with the parties' Settlement Agreement entered into on September 27, 2022. In support of this Joint Motion, the Parties state as follows:

1.      The Parties have worked diligently to resolve this case by entering into a Settlement Agreement wherein the parties agreed that payment of amounts owed by Defendants will be paid in full to Plaintiff on or before November 30, 2022.  Upon receipt of payment of the amounts owed, Plaintiff's claims herein will be fully and finally resolved, and this litigation will be resolved in its entirety.

2.      Accordingly, the Parties jointly move this Court to enter a stay of this litigation, together with all pretrial deadlines and obligations, until December 7, 2022 in order to facilitate the payment as required by the Settlement Agreement.  If payment is made as anticipated on or before November 30, 2022 as required by the Settlement Agreement, Plaintiff will promptly seek voluntary dismissal of the instant litigation with prejudice to formally terminate this litigation. However, if the full amount of the payment is not tendered by Defendants on or before November 30, 2022, Plaintiff will move to lift the stay of these proceedings so as to resume the litigation.

3.      A district court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. See *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Burns v. EGS Fin. Care, Inc.*, No. 4:15-CV-06173-DGK, 2016 WL 7535365 at *1 (W.D. Mo. Apr. 12, 2016); see also *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice.").

4.      Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope of discovery or control its sequence, upon a showing of good cause and reasonableness. *Britton,* 523 U.S. at 598. Although attempts at settlement do not automatically excuse a party from its discovery obligations, the parties can seek a stay of such prior to the discovery cutoff date. *See Sofo v. Pan-American Life Ins. Co.*, 13 F.3d 239, 242 (7th Cir. 1994); *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 918 (5th Cir. 1993) (finding that a "trial judge's decision to curtail discovery is granted great deference," and noting that the discovery had been pushed back a number of times because of pending settlement negotiations).

2

5.      Facilitating the Parties' efforts to resolve their dispute entirely through the finalization of settlement terms, where a settlement agreement has already been reached, is reasonable and constitutes good cause for granting the requested short-term stay of these proceedings and of discovery.  Granting the requested brief stay would conserve judicial and the parties' resources and would further and promote judicial economy.

6.      The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion, yet will still allow for sufficient time to schedule and complete discovery in the event that the litigation is not concluded through the Settlement Agreement.

7.      The relief sought in this Motion is not being requested for any improper purpose or for purposes of delay, but so that justice may be done. Further, because the Parties are making this motion prior to the initial Case Management Conference, there are not any current deadlines that would be unduly delayed by the Parties requested relief.

**WHEREFORE,** the Parties jointly request that this litigation be stayed by Order of this Court until December 7, 2022 so as to allow the Parties to effectuate the terms of the Settlement Agreement and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: September 30, 2022

Respectfully submitted,                     Respectfully submitted,


By: /s/ Sherrie A. Hall _____          By: /s/ Theresa A. Phelps (w/ consent) _____
One of the attorneys for the Plaintiff      One of the attorneys for the Defendants

SHERRIE A. HALL, #40949                     Theresa A. Phelps
                                            ROSENBLUM  GOLDENHERSH
WORKERS RIGHTS LAW FIRM LLC                 7733 Forsyth Boulevard, Suite 400
2258 Grissom Drive                          St. Louis, MO 63105
St. Louis, Missouri 63146                   tel: 314.726.6868 | fax: 314.726.6786
Phone: (314) 824-0348                       tphelps@rosenblumgoldenhersh.com
Fax: (314) 828-1029
sherrieworkersrights@gmail.com


and

/s/ Terrance B. McGann _____
Terrance B. McGann

*(to be admitted pro hac vice)*

Terrance B. McGann
**MCGANN, KETTERMAN & RIOUX**
111 E. Wacker Dr., Ste 2600
Chicago, IL 60601
Telephone: (312) 251-9700
Facsimile: (312) 251-9701
tmcgann@mkrlaborlaw.com

*Attorneys for Plaintiff*

4